CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 02 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| DAVID MEYERS, <br>     Plaintiff, | Civil Action No. 7:18-cv-00472 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES DISTRICT COURT, BIG STONE GAP DIVISION, et al., <br>     Defendants. | By: Michael F. Urbanski <br> Chief United States District Judge |

David Meyers, a Virginia inmate proceeding pro se, commenced this civil action as a "petition for writ of mandamus." Plaintiff names as defendants three divisions of this court, the Judicial Council Circuit Executive of the Fourth Circuit, and numerous state officials. Plaintiff demands that a grand jury investigate state officials' alleged misconduct.

The petition is dismissed as frivolous because the court cannot grant the mandamus relief Plaintiff seeks. See, e.g., Neitzke v. Williams, 490 U.S. 319, 328 (1989). The court lacks jurisdiction to grant mandamus relief against state officials or state agencies. See 28 U.S.C. § 1361; see, e.g., Gurley v. Superior Ct. of Mecklenburg Cty., 411 F.2d 586, 587 (4th Cir. 1969). The court and the federal defendants do not have the authority to investigate alleged misconduct in order to convene a grand jury. See, e.g., Jett v. Castaneda, 578 F.2d 842, 845 (9th Cir. 1978) (recognizing the investigation of crime is primarily an executive function).

Moreover, the court declines to construe the petition as a civil rights action under 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), based on the liberal use of labels and conclusions, which are not entitled to an assumption of truth. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To the extent some court could construe the repetitive labels and conclusions into an actionable complaint, it would, at best, be subject to dismissal without prejudice as duplicative of the claims raised in Meyers v.

U.S. Postal Service, No. 7:18-cv-00029.[1] See, e.g., McClary v. Searles, No. 3:16-cv-640-FDW, 2017 U.S. Dist. LEXIS 187191, at *3, 2017 WL 6756642, at *2 (W.D.N.C. Nov. 13, 2017) (dismissing action without prejudice for being substantially duplicative of claims in an earlier-filed § 1983 case that was still pending in that court), aff'd, 717 F. App'x 337 (4th Cir. 2018).

For the foregoing reasons, the action is dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

ENTER: This 2nd day of November, 2018.

/s/ Michael F. Urbanski
Chief United States District Judge

---

[1] The court held a hearing on August 16, 2018, concerning his original allegation of imminent danger in that case. The magistrate judge has recommended that the court allow Plaintiff to proceed without prepaying the filing fee under 28 U.S.C. § 1915(g) based on allegations in that case about specific ROSP staff's and inmates' conduct around January 2018. Meyers v. U.S. Postal Service, No. 7:18-cv-00029 (W.D. Va. Oct. 9, 2018) (Sargent, M.J.).